HEATHER J. CHESNUT (6934)
JONI J. JONES (7562)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: hlchesnut@agutah.gov
        jjones@agutah.gov

*Attorneys for Defendant Gary Bertagnole*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GREG TURNER, as legal guardian of S.T., a minor child,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ALPINE SCHOOL DISTRICT, et al.;<br><br>　　　　　　　Defendants. | **GARY BERTAGNOLE'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**<br><br>Case No. 2:19-cv-00870-TS<br><br>Judge Ted Stewart |

Defendant Gary Bertagnole, by and through counsel, Heather J. Chesnut, Assistant Utah Attorney General, hereby answers Plaintiff Greg Turner's Amended

Complaint (Doc. 4) filed with this Court on November 7, 2019 and asserts his defenses as follows.

## JURISDICTION and VENUE

As to paragraphs 1-5, Bertagnole does not dispute that this Court has subject matter jurisdiction and agrees that the Central Division of the United States District Court for the District of Utah is an appropriate venue for this action.

## PARTIES

As to paragraphs 1-6, which pertain to other parties, Bertagnole denies for lack of information.

As to paragraph 7, Bertagnole admits being a natural person within the meaning of 42 U.S.C. §1983 and a school bus driver for Alpine School District on June 12 and 14, 2018. He admits that S.T. was a passenger on his bus both of those days. Bertagnole denies the remainder of the allegations.

As to paragraphs 8-10, which pertain to other parties, Bertagnole denies for lack of information.

As to paragraph 11, Bertagnole reiterates his answer to paragraph 7.

## FACTUAL ALLEGATIONS

As to paragraphs 12-18 Bertagnole denies for lack of information.

As to paragraph 19 Bertagnole admits as to himself and denies for lack of information as to any other individuals.

As to paragraphs 20-30, Bertagnole denies for lack of information.

As to paragraph 31, Bertagnole denies as to himself, and denies for lack of information as to any other individuals.

As to paragraphs 32-34, Bertagnole denies for lack of information.

As to paragraph 35, Bertagnole admits.

As to paragraph 36, Bertagnole admits holding S.T.'s wrists, but denies the remainder.

As to paragraph 37, Bertagnole admits S.T. grabbed the shirt of the aide sitting across from her but denies for lack of knowledge the remainder.

As to paragraph 38, Bertagnole admits holding S.T.'s wrists, but denies the remainder.

As to paragraph 39, Bertagnole admits his comment, but denies the remainder.

As to paragraph 40, Bertagnole admits his comment but denies the remainder.

As to paragraph 41, Bertagnole denies.

As to paragraph 42, Bertagnole admits restraining S.T., but denies the remainder.

As to paragraph 43, Bertagnole his comment and pointing his finger, but denies the remainder.

As to paragraph 44, Bertagnole admits his comment but denies the remainder.

As to paragraph 45, Bertagnole denies.

As to paragraph 46, Bertagnole admits.

As to paragraph 47, Bertagnole admits stopping the bus on the side of the road and moving back. He denies the remainder.

As to paragraph 48, Bertagnole admits the remark from Jane Doe 3, but denies the remainder.

As to paragraph 49, Bertagnole admits his remarks but denies the remainder.

As to paragraph 50, Bertagnole admits.

As to paragraph 51, Bertagnole denies.

As to paragraph 52, Bertagnole admits his remark but denies the remainder.

As to paragraph 53, Bertagnole denies.

As to paragraph 54, Bertagnole admits the remark but denies the remainder.

As to paragraph 55, Bertagnole admits S.T. banged her head against the wall, but denies the remainder.

As to paragraph 56, Bertagnole admits Jane Doe 2 attempted to calm S.T. down and S.T. pulled Jane Doe 2's hair but denies the remainder.

As to paragraph 57, Bertagnole admits Jane Doe 3's comment but denies the remainder.

As to paragraph 58, Bertagnole admits his comment and slapping S.T.'s hand and face but denies the remainder.

As to paragraph 59, Bertagnole admits Jane Doe 3's comment but denies the remainder.

As to paragraph 60, Bertagnole admits the comment but denies the remainder.

As to paragraphs 61-69 Bertagnole denies for lack of information.

As to paragraphs 70 and 71 Bertagnole admits.

As to paragraph 72 Bertagnole denies.

As to paragraphs 73-84 Bertagnole denies for lack of information.

## AFFIRMATIVE DEFENSES (TO ALL CLAIMS)

Bertagnole's answers to Turner's allegations in paragraphs 1-84 are incorporated by reference as though fully set forth herein. Bertagnole denies the

claims set forth in paragraphs 85-140 and sets forth the following affirmative defenses.

**First Affirmative Defense**

The Amended Complaint fails to state claims on which relief can be granted pursuant to Rule 12(b)(6) of the Utah Rule of Civil Procedure. The Amended Complaint (Doc. 4) may also be deficient in other ways pursuant to Rule 12, including but not limited to 12(b)(7), failure to join an indispensable party.

**Second Affirmative Defense**

The claims are governed by and subject to the Governmental Immunity Act of Utah. Utah Code Ann. §§ 63G-7-101 through 904. Turner's claims are barred under Utah Code Ann. §§ 63G-7-301 or otherwise to the extent Turner has failed to comply with the Act's provisions. Turner's claims are also limited by Utah Code Ann. §§ 63G-7-401, 402, 603, and 604, or otherwise to the extent Turner has failed to comply with the Act's provisions.

**Third Affirmative Defense**

Turner may not recover to the extent he failed to mitigate damages.

**Fourth Affirmative Defense**

Turner is estopped and barred from recovering any damages that are remote or speculative.

**Fifth Affirmative Defense**

Bartagnole asserts truth, and absolute, conditional, qualified, and official privileges as defenses.

**Sixth Affirmative Defense**

Bertagnole asserts all other affirmative defenses available to him. Bertagnole also asserts all applicable affirmative defenses contained in Rule 8(c) of the Federal Rules of Civil Procedure, including but not limited to assumption of risk, contributory negligence, estoppel, laches, license, release, and waiver.

**Seventh Affirmative Defense**

Bertagnole denies every allegation of the Amended Complaint not expressly admitted, denied, or qualified, and reserves the right to assert other affirmative defenses as they become known.

## PRAYER

Bertagnole prays that Turner's Complaint be dismissed, with prejudice, as no cause of action and that he be awarded his costs incurred and such other relief as the Court deems just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Bertagnole demands a trial by jury of all issues in this action triable of right by a jury.

RESPECTFULLY SUBMITTED this 7th day of February 2020.

      OFFICE OF THE UTAH ATTORNEY GENERAL


      /s/ Heather J. Chesnut
      HEATHER J. CHESNUT
      JONI J. JONES
      Assistant Utah Attorney Generals
      *Attorneys for Gary Bertagnole*