IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GREG TURNER, as legal guardian of S.T., a minor child,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>ALPINE SCHOOL DISTRICT; ALPINE SCHOOL DISTRICT BOARD OF EDUCATION; GARY BERTAGNOLE, in his official capacity; and JANE DOES 1-3, in their official and individual capacities,<br><br>　　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS ALPINE SCHOOL DISTRICT AND ALPINE SCHOOL DISTRICT BOARD OF EDUCATION'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Case No. 2:19-cv-00870-TS-DAO<br><br>District Judge Stewart |

This matter is before the Court on Defendants Alpine School District and Alpine School District Board of Education's (collectively, "Defendants") Motion for Judgment on the Pleadings (the "Motion"), which asks the Court to dismiss Plaintiff's ninth cause of action. For the foregoing reasons, the Court grants Defendants' Motion.

I. BACKGROUND

Plaintiff Greg Turner ("Turner") is the legal guardian of S.T., a 16-year-old child with autism and a severe visual impairment who is allegedly a qualified person under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act.[1] In June 2018, S.T. attended Horizon School, an Alpine School District school.[2] The allegations against Defendants arose when an

---

[1] Docket No. 4 ¶ 12.

[2] *Id.* ¶ 13.

1

Alpine School District bus driver allegedly punched, slapped, restrained, forcibly seized, and verbally abused S.T. on June 12, 2018, and June 14, 2018.[3] As a result of the alleged school bus assaults, Turner filed Plaintiff's First Amended Complaint with nine claims against Alpine School District and related entities and individuals.[4] Generally, Turner's claims are for alleged violations of the ADA, the Rehabilitation Act, and the United States Constitution.

On August 24, 2020, Defendants Alpine School District and Alpine School District Board of Education filed the Motion requesting the Court dismiss Turner's ninth cause of action under Rule 12(c) of the Federal Rules of Civil Procedure.[5] Turner's ninth cause of action is titled "Deprivation of Civil Rights by Defendants Acting Under Color of Law."[6] Turner brought this claim under 42 U.S.C. § 1983 for violations of S.T.'s rights under the ADA and § 504 of the Rehabilitation Act.[7]

## II. STANDARD OF REVIEW

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[8] To survive a motion to dismiss under rule 12(b)(6), "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just

---

[3] *Id.* ¶¶ 35–60

[4] *See generally* Docket No. 4.

[5] Docket No. 36, at 1–2.

[6] Docket No. 4, at 30.

[7] *Id.* ¶¶ 133–35.

[8] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (citing *Mock v. T.G. & Y Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992)).

speculatively) has a claim for relief."[9] A court should dismiss a claim when it "asserts a legal theory not cognizable as a matter of law."[10]

III. ANALYSIS

In this Motion, Defendants ask the Court to dismiss Turner's ninth cause of action, which is brought under 42 U.S.C. § 1983, a statute that protects rights created by the Constitution and federal laws.[11] Here, Turner alleges a claim under § 1983 for the violation of S.T.'s statutory rights provided by the ADA and the Rehabilitation Act.[12] In their Motion, Defendants argue that the ADA and the Rehabilitation Act preclude § 1983 claims for violations of those statutory rights,[13] and Turner argues that they do not.[14] Thus, the question is whether Turner can bring a claim under § 1983 to enforce these statutory rights.

It is well-established that courts look to what Congress intended when determining whether a statute precludes a § 1983 claim.[15] The Supreme Court has articulated different considerations for determining whether Congress intended a statute to preclude a § 1983 claim for a violation of a constitutional right or a statutory right.[16] Turner's ninth cause of action

---

[9] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

[10] *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004) (citing Fed. R. Civ. P. 12(b)(6)).

[11] 42 U.S.C. § 1983.

[12] *See* Docket No. 4 ¶ 133 (alleging that Defendants, under color of state law, "discriminated against S.T. on the basis of her disability and have deprived S.T. of her right to reasonable accommodation and full benefits of a public program as afforded by the ADA and Rehabilitation Act").

[13] Docket No. 36, at 2.

[14] *See* Docket No. 37, at 2.

[15] *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 252 (2009) (citing *Smith v. Robinson*, 468 U.S. 992, 1012 (1984)).

[16] *See id.* at 252–53.

asserts violations of S.T.'s rights under the ADA and the Rehabilitation Act, so the Court must address whether Congress intended the ADA and the Rehabilitation Act to preclude § 1983 claims for violations of those statutory rights.

For statutory rights, "[i]f Congress intended a statute's remedial scheme to 'be the exclusive avenue through which a plaintiff may assert the claims,' the § 1983 claims are precluded."[17] And "evidence of such congressional intent may be found directly in the statute creating the right, or inferred from the statute's creation of a comprehensive enforcement scheme that is incompatible with individual enforcement under § 1983."[18] When statutes establish their own comprehensive enforcement schemes, courts generally conclude that Congress intended to preclude § 1983 claims for violations of those statutory rights.[19]

There is no binding Tenth Circuit precedent specifically addressing whether § 1983 claims are available for violations of the rights established under the ADA and the Rehabilitation Act.[20] But numerous other circuit courts and district courts have agreed that the ADA and

---

[17] *Id.* at 252 (quoting *Smith*, 468 U.S. at 1009).

[18] *Id.* (quoting *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 120–21 (2005)).

[19] *See, e.g.*, *City of Rancho Palos Verdes, Cal.*, 544 U.S. at 127 (finding that the Telecommunications Act has a comprehensive enforcement scheme that precludes enforcement through a § 1983 claim); *Middlesex Cty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981) (holding that the comprehensive enforcement schemes in the Federal Water Pollution Control Act and the Marine Protection, Research, and Sanctuaries Act of 1972 preclude § 1983 claims for violations of those statutes); *Padilla ex rel. Padilla v. Sch. Dist. No. 1 in City & Cty. of Denver, Colo.*, 233 F.3d 1268, 1274 (10th Cir. 2000) (finding the Individuals with Disabilities Education Act has a comprehensive enforcement scheme that precludes § 1983 claims) (citations omitted); *Notari v. Denver Water Dep't*, 971 F.2d 585, 587 (10th Cir. 1992) (finding that Title VII precludes § 1983 claims based solely on statutory violations).

[20] *Watkins v. Jordan Sch. Dist.*, No. 2:19-cv-00407-PMW, 2020 WL 2617928, at *4 (D. Utah May 22, 2020); *Keller v. Bd. of Educ. of City of Albuquerque, N.M.*, 182 F. Supp. 2d 1148, 1159 (D. N.M. 2001) (citing *Goldman v. Colo. Territorial Corr. Facility*, 69 F.3d 547, n.6 (10th Cir. 1995)).

Rehabilitation Act have comprehensive enforcement schemes that preclude § 1983 claims for violations of those statutes.[21] Turner has not cited any cases concluding otherwise. Instead, Turner relies heavily on *Bullington v. Bedford County, Tennessee* to support his § 1983 claim.[22] Notably, this case does not address whether the ADA and Rehabilitation Act preclude § 1983 claims for violations of rights under those statutes.[23] Rather, *Bullington* narrowly holds that the ADA does not preclude parallel constitutional claims like equal protection claims.[24] This Court expresses no opinion about whether the ADA and the Rehabilitation Act preclude § 1983 claims for constitutional violations.

In regards to whether the ADA and the Rehabilitation Act preclude § 1983 enforcement of the statutory rights, the prior circuit and district court decisions are persuasive. The ADA and Rehabilitation Act have comprehensive enforcement schemes that preclude § 1983 claims based solely on violations of those laws.

---

[21] *See Watkins*, No. 2:19-cv-00407-PMW, 2020 WL 2617928, at *4 ("However, other circuits that have addressed this question have held that an individual cannot be sued under § 1983 for violations of Title II of the ADA or § 504 of the Rehabilitation Act.") (citations omitted); *Costabile v. N.Y.C. Health & Hosp. Corp.*, 951 F.3d 77, 83 (2d Cir. 2020) (joining other circuits in concluding "that the comprehensive remedial scheme of the Rehabilitation Act suggests that Congress did not intend that § 1983 be an available remedy"); *Williams v. Pa. Human Relations Comm'n*, 870 F.3d 294, 300 (3d Cir. 2017) ("indeed, every circuit to consider this exact question has held that . . . ADA statutory rights cannot be vindicated through § 1983") (citations omitted); *Tri-Corp Hous. Inc. v. Bauman*, 826 F.3d 446, 448–49 (7th Cir. 2016) ("Six courts of appeals have addressed this subject; all six come out the same way.") (citations omitted); *Faircloth v. Schwartz*, No. 12-cv-02764-REB-KLM, 2014 WL 4466663, at *17 (D. Colo. Sept. 10, 2014) (citations omitted); *Pena v. Bexar Cty., Tex.*, 726 F. Supp. 2d 675, 688–90 (W.D. Tex. 2010) (citations omitted); *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002); *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1530–31 (11th Cir. 1997).

[22] 905 F.3d 467 (6th Cir. 2018).

[23] *Id.* at 471 (refraining from deciding whether the ADA precludes § 1983 claims enforcing the statutory rights because the relevant § 1983 claim asserted a violation of constitutional rights).

[24] *Id.* at 478.

## IV. CONCLUSION

It is therefore

ORDERED that Defendants Alpine School District and Alpine School District Board of Education's Motion for Judgment on the Pleadings (Docket No. 36) is GRANTED.

DATED September 23, 2020.

BY THE COURT:

_____
TED STEWART
United States District Judge